Eboney Cobb
PERDUE, BRANDON, FIELDER, COLLINS & MOTT, L.L.P.
P.O. Box 13430
Arlington, Texas 76094-0430
Phone: (817) 461-3344
FAX: (817) 860-6509
Email: ecobb@pbfcm.com

ATTORNEY FOR NOLAN COUNTY, et al.,

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| Dhilon Inc. | § | Case No. 11-43267 |
| | § | |
| Debtors. | § | |

**LIMITED OBJECTION TO EXTEND MOTION FOR USE OF CASH COLLATERAL**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

NOW COMES Nolan County, Sweetwater ISD, City of Sweetwater, Wes Texas Groundwater, Nolan County Hospital District (hereinafter "Taxing Units") and state as follows:

1. The Taxing Units are a political subdivision of the State of Texas and, as such, are required by the constitution of the State of Texas to levy and assess ad valorem taxes on all property located within their respective taxing jurisdictions as of January 1 of each tax year. Pursuant to Texas law, a lien automatically attached to Debtors' business personal property located within Nolan County, et al.'s taxing jurisdictions on January 1, 2011 to secure payment of all taxes, penalties, and interest ultimately imposed on the Debtors' property. *In re Winn's Stores, Inc.*, 177 B.R. 253 (Bankr. W.D. Tex. 1995); *Central Appraisal District of*

*Taylor County v. Dixie-Rose Jewels, Inc.*, 894 S.W.2d 841 (Tex. App.-Eastland 1995). Texas Tax Code Section 32.01 provides in relevant part:

> (a) On January 1 of each year, a tax lien attaches to property to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property . . .
>
> Section 32.01(d) of the Texas Property Tax Code, further, states that the tax liens were perfected on attachment and required no further action on the part of the taxing authorities.

2. The Taxing Units hold claims for pre-petition ad valorem taxes against business personal property and real property of the Debtors. Their claims are secured by prior perfected continuing enforceable tax liens upon the property of the Debtor, as provided by Sections 32.01 and 32.05(b) of the Texas Property Tax Code.

3. The Taxing Units assert this limited objection to entry of a Final Order to the extent that any liens granted by the Final Order attempt to prime the Taxing Units pre-petition ad valorem tax liens. The Taxing Units asserts their secured lien position would be compromised if their secured tax liens are not adequately protected. With certain limited exceptions which are not applicable in this case, Section 32.05(c) of the Texas Property Tax Code states that secured tax liens have prior liens in the property. As such, the Taxing Units assert their secured liens, as prime liens, must be adequately protected and the Final Order should be modified to reflect that the Taxing Units secured tax liens continue to attach to the collateral to secure the payment of said liens until all taxes, penalties, and interest that may ultimately accrue are paid in full pursuant to state law.

4. The Taxing Units further assert that any proceeds from any sale of business personal property that is encumbered by the Taxing Units ad valorem tax liens should be used to satisfy the Taxing Unit's secured tax liens prior to other junior secured lienholders. In order to adequately protect their secured tax liens, the Taxing Units request that either their liens be paid at the time of any sale (business closing) that pertains to

any of the business personal property encumbered by their secured tax liens, or, in the alternative, a separate escrow or segregated account be created at closing from the proceeds of any such related sale in a sufficient amount to cover the pre-petition taxes owed to the Taxing Units with their secured tax liens attaching to these segregated proceeds with the same validity, priority, and effect as they exist under non-bankruptcy law.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Taxing Units request this Honorable Court to order that their pre-petition tax liens are not primed by junior secured lienholders, that their pre-petition taxes are to be paid at the time of a business closing of any business personal property encumbered by their secured ad valorem tax liens or, in the alternative, that a separate escrow or segregated account be created from any sales proceeds related to such encumbered property for the pre-petition taxes as adequate protection for the tax liens, and for all further relief as is just and proper.

Respectfully submitted,

>PERDUE, BRANDON, FIELDER,
>COLLINS & MOTT, L.L.P.
>Attorneys for Claimants
>
>/s/  Eboney Cobb
>EBONEY COBB
>SBN:  24048397
>P.O. Box 13430
>Arlington, Texas 76094-0430
>Phone:  817-461-3344
>Fax:  817-860-6509
>Email: ecobb@pbfcm.com

## **CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the above document was sent via regular U.S. first class mail and the Court's electronic case filing system to the following parties on this 19th day of January, 2012:

**Arthur I. Ungerman**
Arthur I. Ungerman, Attorney at Law
8140 Walnut Hill Lane
Suite 301
Dallas, TX 75231


**US Trustee**
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702

**Timothy W. O'Neal**
Office of the U.S. Trustee
110 N. College Ave., Ste. 300
Tyler, TX 75702

                                                    /s/  Eboney Cobb
                                                    Eboney Cobb