IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DHILON, INC., | § | CASE NO: 11-43267 |
| | § | (Chapter 7) |
| DEBTOR | § | |

**APPLICATION FOR REIMBURSEMENT OF
ATTORNEYS' FEES OF SECURED CREDITOR CIENA CAPITAL LLC**

**Notice**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE.  IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.  IF A RESPONSE IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING.  THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

**TO THE HONORABLE BRENDA T. RHOADES, U. S. BANKRUPTCY JUDGE:**

Ciena Capital, LLC solely in its capacity as Servicer on behalf of HSBC Bank USA, National Association, not in its individual capacity, but solely as Indenture Trustee, under that certain Indenture dated June 1, 2007, as the same may be amended from time to time, for the benefit of the Indenture Trustee and holders of the Business Loan Express Business Loan-Backed Notes, Series 2007A  ("*Applicant*" or "*CIENA*") files its Application for Reimbursement of Attorneys' Fees of Secured Creditor Ciena Capital LLC (the "*Application*") pursuant to section 5.05 of the Debtor's Amended Plan of Reorganization dated May 17, 2012 as follows:

**I.**

1. CIENA is the holder of that certain Promissory Note dated July 7, 2007 in the original principal amount of $2,960,000 executed by Dhilon, Inc. dba Holiday Inn Sweetwater as the Borrower. The Promissory Note is secured by a duly recorded Deed of Trust (with Security Agreement, Rents and Financing Statement) as well as duly filed UCC-1 granting a first lien position on the Debtor's real and personal property.

2. Under the terms of section 12.(e) the Promissory Note, the Borrower "agrees to pay all reasonable costs and expenses incurred by Lender or any other holder of this Note in connection with the indebtedness evidenced hereby, including, without limitation, all reasonable attorneys' fees and costs, for the implementation of the Loan, the collection of the indebtedness evidenced hereby and the enforcement of rights and remedies hereunder or under the Loan Documents, whether or not suit is instituted."

3. On October 28, 2011, Dhilon, Inc. ("Debtor") filed with this Court a voluntary petition under Chapter 11 of the Bankruptcy Code.

4. On July 19, 2012, the Order Confirming Debtor's Amended Plan of Reorganization dated May 17, 2012 was entered confirming the Debtor's Plan and the terms set forth therein.

**II.**

**PLAN TREATMENT OF CIENA'S CLAIM**

Ciena's claim was classified as a Class 5 claim by the Debtor's Plan. Section 5.05 of the Plan provided the following treatment of Ciena's claim.

**Class 5 Claim**. The Class 5 Claim as Allowed as follows:

The Class 5 Claim is an Allowed Secured Claim of Ciena Capital, LLC ("Ciena") in the amount $3,360,897.95 arising from that certain Promissory Note

dated July 5, 2007 (the "Ciena Note") and shall be paid in full over sixty (60) months with the Allowed Amount of the secured claim of $3,360,897.95 amortized over thirty (30) years with interest on such Allowed Amount at 30 day Libor plus 4.5% per annum at the effective rate of 4.8% and a balloon payment of at the end of the sixty (60) month term. The terms of the Ciena Note will continue to control the effective interest rate applied to the restructured payments. The interest rate shall remain adjustable thereunder. The payments shall be made in equal monthly payments on the first day of the month following the Effective Date and shall continue on the first day of each month thereafter until paid in full.

The Class 5 Claim shall retain all of its liens and security interests as originally provided in its loan documents until paid off. The Ciena Note, Deed of Trust and other collateral documents shall remain fully enforceable except as modified by the terms of the Plan. Ciena shall continue to exercise its right to require a monthly escrow (or monthly payment) for annual insurance premiums and real estate taxes pursuant to section 7.8 of its Deed of Trust. The Debtor will be required to continue to provide to Ciena Capital, monthly profit and loss statements, occupancy statements and year-end financial statements and tax returns.

***As an oversecured claimant, the Class 5 Claimant may seek reimbursement of its reasonable attorney fees incurred in the collection of its claim. Such claim is to be paid pursuant to the same terms afforded Administrative Claims set forth in section 5.01, notwithstanding that the claim for reimbursement of attorney fees is, and remains, a secured claim. The Debtor has been advised that the Class 5 Claimant will seek reimbursement of approximately $45,000 to $50,000 for legal fees incurred in the collection of its claim through the foreclosure and bankruptcy process.*** (emphasis added)

5. CIENA returned its ballot to accept the Plan. On the strength of CIENA's acceptance, the Debtor was able to confirm its chapter 11 Plan.

6. When the Debtor went into default on the Promissory Note in 2011, CIENA engaged the law firm of Kelly Hart & Hallman LLP ("KHH") to initiate foreclosure proceedings against the Debtor and CIENA's collateral which consisted on the real and personal property of the Debtor. From April 2011 to October 2011, CIENA incurred attorney fees and costs of $6,850.09 with KHH to collect on its debt owed by the Debtor. CIENA also engaged the law firm of Alston & Bird LLP ("A&B") for services related to foreclosure proceedings on the commercial property and incurred total fees and expenses of $13,008.00 from February 15, 2011

to October 31, 2011. After the Debtor filed its petition in bankruptcy, CIENA engaged the law firm of Quilling Selander Lownds Winslett & Moser, P.C. ("QSLWM") to serve as bankruptcy counsel to represent its interest. QSLWM commenced its representation of CIENA on October 31, 2011. From the initiation of the representation through July 9, 2012, the date of the confirmation hearing, CIENA incurred legal fees and expenses of $29,877.64 with QSLWM. CIENA seeks reimbursement of its legal fees and cost pursuant to section 5.05 of the Plan in the total amount of $49,735.73.

      7.     Copies of the billing invoices to CIENA from KHH, A&B and QSLWM are attached hereto as <u>Exhibit "A"</u>, and incorporated herein by reference for all purposes, which contains a description of the services rendered.

      **WHEREFORE, PREMISES CONSIDERED**, CIENA requests that this Court approve the amount of attorneys' fees and costs to be reimbursed by the Debtor pursuant to the terms of the confirmed Plan in the total amount of $49,735.73, authorize the payment of same and such other and further relief, general or special, at law or in equity, to which CIENA may show itself justly entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Fax)

By:   /s/ *John Paul Stanford*
     John Paul Stanford
     State Bar No. 19037350

ATTORNEYS FOR CIENA CAPITAL LLC

## CERTIFICATE OF SERVICE

     I hereby certify that on the 17th day of September, 2012, a true and correct copy of the foregoing document was served by electronic transmission via the Court's CM/ECF system upon all parties registered to receive electronic notice in this bankruptcy case, and/or regular U.S. first class mail, postage prepaid, on the parties listed on the attached mailing matrix.  (*The service list is omitted from service copies to avoid unnecessary copying and postage charges*).

     */s/ John Paul Stanford*